IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JULIE LYNN T.,[1] ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> KILOLO KIJAKAZI, ) <br> **Acting Commissioner of Social Security,** ) <br> ) <br> **Defendant.** ) <br> _____ ) | CIVIL ACTION <br><br> No. 22-1189-JWL |

**MEMORANDUM AND ORDER**

Plaintiff seeks review of a decision of the Commissioner of Social Security denying Social Security Disability Insurance (SSDI) benefits pursuant to sections 216(i), 223 of the Social Security Act, 42 U.S.C. §§ 416(i) and 423 (hereinafter the Act). Finding error in the Administrative Law Judge's (ALJ) consideration and discussion of Plaintiff's gastrointestinal impairments, the court ORDERS that the Commissioner's decision shall be REVERSED and judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent herewith.

**I.     Background**

---

[1] The court makes all its "Memorandum and Order[s]" available online. Therefore, in the interest of protecting the privacy interests of Social Security disability claimants, it has determined to caption such opinions using only the initial of the Plaintiff's last name.

Plaintiff protectively filed an application for SSDI benefits on August 30, 2019. (R. 10, 286, 289). After exhausting administrative remedies before the Social Security Administration (SSA), Plaintiff filed this case seeking judicial review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g). Plaintiff claims the ALJ failed to evaluate her gastrointestinal impairments in accordance with the correct legal standard and his findings are not supported by substantial evidence..

The court's review is guided by the Act. Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009). Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether he applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). "Substantial evidence" refers to the weight, not the amount, of the evidence. It requires more than a scintilla, but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988). Consequently, to overturn an agency's finding of fact the court "must find that the evidence not only supports [a contrary] conclusion, but compels it." I.N.S. v. Elias-Zacarias, 502 U.S. 478, 481, n.1 (1992) (emphases in original).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting

Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005); see also, Bowling v. Shalala, 36 F.3d 431, 434 (5th Cir. 1994) (The court "may not reweigh the evidence in the record, nor try the issues de novo, nor substitute [the Court's] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision.") (quoting Harrell v. Bowen, 862 F.2d 471, 475 (5th Cir. 1988) (brackets in Bowling)). Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability. 20 C.F.R. § 404.1520; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)). "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether she has a severe impairment(s), and whether the severity of her impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1). Williams, 844 F.2d at 750-51. After evaluating step three, the Commissioner assesses claimant's residual functional capacity (RFC). 20 C.F.R.

§ 404.1520(e). This assessment is used at both step four and step five of the sequential evaluation process. Id.

The Commissioner next evaluates steps four and five of the process—determining at step four whether, considering the RFC assessed, claimant can perform her past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, she is able to perform other work in the economy. Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work. Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC previously assessed. Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999). The court addresses the error alleged in Plaintiff's Social Security Brief.

## II. Discussion

Plaintiff argues the record evidence reflects she has been diagnosed with gastrointestinal impairments of Crohn's disease, irritable bowel syndrome (IBS), and colitis. (Pl. Br. 7) (citing R. 490, 493, 792, 795, 1067). She argues these impairments cause her to have "the frequent and urgent need to use the bathroom, sometimes leading to accidents on occasions when she could not make it to a bathroom in time;" id., at 8; which cannot be accommodated by regular breaks at approximately two-hour intervals. Id. 11.

Plaintiff argues that, as a consequence the ALJ erred in finding her gastrointestinal impairments are not severe in his step two analysis, and that he did not properly assess the limitations resulting from these impairments during his RFC assessment.  (Pl. Br. 9).  She argues the ALJ ignored the record evidence supporting her reported limitations and suggests he decided she didn't have Crohn's disease and therefore did not have the limitations she reports.  Id. 14.

The Commissioner argues if an ALJ errs in finding an impairment not severe at step two, the error is harmless so long as the ALJ considers the limitations caused by all impairments when assessing a claimant's RFC.  (Comm'r Br. 4-5).  She argues, "The issue, then, becomes whether the ALJ considered both severe and non-severe impairments when finding what workplace limitations were warranted.  All that is required is the consideration of all impairments, which the ALJ did here."  Id. at 5. (citing Bradley v. Colvin, 643 F. App'x 674, 676 (10th Cir. 2016)).  She argues the ALJ recognized his duty to consider all impairments in assessing RFC and explained he had "considered all the claimant's medically determinable impairments, including those that are not severe, when assessing the claimant's residual functional capacity."  Id. 5-6 (quoting R. 13).  She argues, "the only possible issue would be whether the evidence in this record was so overwhelming that Plaintiff's gastrointestinal issues caused additional workplace restrictions … that no reasonable factfinder could possibly conclude otherwise."  Id. 6.

The Commissioner argues Plaintiff does not, and cannot, cite such evidence.  Id.  She points to the ALJ's explanation for discounting gastrointestinal impairments and

5

cites record evidence which in her view supports his reasoning.  (Comm'r Br. 6-8).  She argues Plaintiff relies on her subjective allegations of limitations resulting from her gastrointestinal limitations and points out the ALJ found such claims "were not an accurate reflection of her functional abilities."  Id. 9.

The Commissioner contends Plaintiff did not directly challenge the ALJ's finding Dr. Ellis's opinion unpersuasive and thereby waived such an argument.  Id. 10.  Nonetheless, she argues the ALJ's finding is supported by record evidence and Dr. Ellis's limitations are unsupportable.  Id.

### A.  Standard for Evaluating Severity of a Claimant's Impairments

An impairment is not considered severe if it does not significantly limit Plaintiff's ability to do basic work activities such as walking, standing, sitting, carrying, understanding simple instructions, responding appropriately to usual work situations, and dealing with changes in a routine work setting.  20 C.F.R. § 404.1522.  The Tenth Circuit has interpreted the regulations and determined that to establish a "severe" impairment or combination of impairments at step two of the sequential evaluation process, Plaintiff must make only a "de minimis" showing.  Hinkle v. Apfel, 132 F.3d 1349, 1352 (10th Cir. 1997).  Plaintiff need only show that an impairment would have more than a minimal effect on her ability to do basic work activities.  Williams, 844 F.2d at 751.  However, she must show more than the mere presence of a condition or ailment.  Hinkle, 132 F.3d at 1352 (citing Bowen v. Yuckert, 482 U.S. 137, 153 (1987)).  If an impairment's medical severity is so slight that it could not interfere with or have a serious impact on

Plaintiff's ability to do basic work activities, it could not prevent Plaintiff from engaging in substantial work activity and will not be considered severe. Hinkle, 132 F.3d at 1352.

The determination at step two is based on medical factors alone, and not vocational factors such as age, education, or work experience. Williamson v. Barnhart, 350 F.3d 1097, 1100 (10th Cir. 2003). Plaintiff must provide medical evidence that she had an impairment and how severe it was during the time she alleges she was disabled. 20 C.F.R. § 404.1512.

In Brescia v. Astrue, 287 F. App'x 626, 628-629 (10th Cir. 2008), the claimant argued that the ALJ improperly determined that several of her impairments did not qualify as severe impairments. The court held that once an ALJ has found that Plaintiff has at least one severe impairment, a failure to designate another as "severe" at step two does not constitute reversible error because, under the regulations, the agency at later steps considers the combined effect of all Plaintiff's impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity. Later, in Hill v. Astrue, 289 F. App'x. 289, 291-92, (10th Cir. 2008), the court held that the failure to find that additional impairments are also severe is not in itself cause for reversal so long as the ALJ, in determining Plaintiff's RFC, considers the effects "of all of the claimant's medically determinable impairments, both those he deems 'severe' and those 'not severe.'"

### B.  The ALJ's Findings

The court quotes in its entirety the ALJ's discussion of Plaintiff's gastrointestinal impairments. As relevant here, the ALJ made certain step two findings:

> The claimant also has the following non-severe impairments: inflammatory bowel disease vs irritable bowel syndrome and obesity. However, there is no indication of related functional problems. The claimant alleged Crohn's disease, but the treatment record indicates that there is minimal evidence that she has Crohn's disease. A colonoscopy in December 2016 revealed sigmoid structure, and an endoscopy in December 2017 revealed a small hernia and gastritis. Although nonspecific infectious/inflammatory focal colitis was appreciated, no significant diverticuli were noted or obstruction or surrounding inflammatory changes. A May 2020 examination noted the claimant's diagnosis of irritable bowel disease was "very questionable," and a colonoscopy in December 2019 was normal with negative biopsies. (Exhibit B4F; B8F/7-9; 1B2F/1-2)[2]. … Therefore, the undersigned finds these conditions non-severe. An impairment is found to be non-severe when medical evidence establishes only a slight abnormality, or a combination of slight abnormalities, which would have no more than a minimal effect on an individual's ability to perform basic work activities (20 CFR 416.920(c), and 416.921[3] and SSR 85-28). The undersigned considered all of the claimant's medically determinable impairments, including those that are not severe, when assessing the claimant's residual functional capacity.

(R. 13). In his step three analysis, the ALJ explained why he found Plaintiff's condition does not meet or medically equal the criteria of Listing 5.06 for inflammatory bowel disease. Id. 14.

The ALJ discounted Plaintiff's allegations of symptoms, finding them not consistent with the record evidence. Id. at 18. In part, he provided this explanation:

> As for the claimant's statements about the intensity, persistence, and limiting effects of her symptoms, they are not consistent with the record as a whole. The record shows the claimant has been treated for, or diagnosed with, the above listed severe impairments. However, these impairments do not rise to the level of finding the claimant disabled.

---

[2] The court's investigation reveals the ALJ's citation to "1B2F/1-2" is a typographical error and should be "B12F/1-2."

[3] This case involves an application for SSDI benefits whereas 20 C.F.R. Part 416 relates to Supplemental Security Income benefits. The correct citations should be 20 C.F.R. 404.1520(c) and 404.1521.

Id.

He found the opinion of Plaintiff's gastroenterologist unpersuasive:

> The undersigned also notes an opinion provided by LaVelle Ellis, M.D. (Exhibit B19F), and finds it not persuasive. The opinion notes that it was based on the claimant's reported symptoms, and there is little to support the conclusion that the claimant would require unscheduled breaks as the opinion suggests. Notably, examinations have noted a lack of evidence supporting a diagnosis of Crohn's disease suggesting that it is in remission.

(R. 24).

### C.   Analysis

As the Commissioner argues and as the court cites above, an ALJ does not err if he finds Plaintiff has one or more severe impairments within the meaning of the regulations at step two of his evaluation but fails to find another impairment or impairments severe so long as he considers limitations resulting from all of a claimant's medically determinable impairments when he assesses RFC. Hill, 289 F. App'x. at 291-92; Brescia, 287 F. App'x at 628-29. The question at step two is whether the claimant has an impairment or combination of impairments which is severe within the meaning of the Act. 20 C.F.R. § 404.1520(c). Thus, the real question for the court is whether the ALJ properly considered the limitations resulting from Plaintiff's gastrointestinal impairments when assessing RFC.

The court finds he did not. As quoted above, in his step-two analysis the ALJ found Plaintiff has non-severe impairments of "inflammatory bowel disease vs. irritable bowel syndrome." (R. 13). In making that finding, he stated both that "the treatment record indicates that there is minimal evidence that she has Crohn's disease," and "A

9

May 2020 examination noted the claimant's diagnosis of <u>irritable bowel disease</u> was 'very questionable.'" <u>Id.</u> (quoting R. 574) (emphases added by court).  When explaining why he found Dr. Ellis's opinion unpersuasive, the ALJ stated, "Notably, examinations have noted a lack of evidence supporting a diagnosis of Crohn's disease suggesting that it is in remission." (R. 24).  These findings of the ALJ raise the question whether he found the medical evidence of both inflammatory bowel disease (such as ulcerative colitis and Crohn's disease) and of irritable bowel syndrome was questionable and discounted all Plaintiff's allegations of symptoms as a result.

This question is not answered by the ALJ's findings and discussion elsewhere in the opinion.  In summarizing Plaintiff's allegations of symptoms "[t]hrough her Function Reports and hearing testimony," in a 13-line paragraph there is no mention of a single alleged gastrointestinal symptom. <u>Id.</u> 17-18.  In discussing why he found Plaintiff's alleged symptoms "not consistent with the record as a whole," the ALJ noted, "The record shows the claimant has been treated for, or diagnosed with, the above listed <u>severe</u> impairments.  However, these impairments do not rise to the level of finding the claimant disabled." <u>Id.</u> 18 (emphasis added by court).  Again, there was no mention of Plaintiff's non-severe Crohn's disease/ulcerative colitis/irritable bowel syndrome.  Moreover, by including the modifier "severe," the ALJ specifically excluded all non-severe impairments, these gastrointestinal impairments and obesity.  As Plaintiff argues, other than in finding Dr. Ellis's opinion unpersuasive, there is no mention of her gastrointestinal impairments or the limitations they allegedly cause in the ALJ's discussion of his RFC assessment.

10

The court notes that Dr. Ellis stated in her May 4, 2020 treatment note, "Patient with a very questionable diagnosis of IBD." (R. 574). At the end of that treatment note she assessed, "Crohn's disease of large intestine without complications," and stated her "Impression: I am actually uncertain of this diagnosis with last colonoscopy being normal. Suspect some degree of IBS." Id. 576. It is a near certainty that IBD in her notes means inflammatory bowel disease and IBS means irritable bowel syndrome. However, the ALJ apparently interpreted IBD as irritable bowel disease. It is certain that is a typographical error in the decision but it is by no means clear he meant inflammatory bowel disease—he may have understood her to mean irritable bowel syndrome. Moreover, in the circumstances of this case the better course is for the court to remand the case to the Commissioner to clarify that issue and to explain the limitations, if any, caused by Plaintiff's gastrointestinal impairments or why she finds no limitations caused by them.

**IT IS THEREFORE ORDERED** that the Commissioner's decision shall be REVERSED and judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent herewith.

Dated August 17, 2023, at Kansas City, Kansas.

                                                 s/ John W. Lungstrum
                                                 **John W. Lungstrum**
                                                 **United States District Judge**